AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

DEANGELO JARIAN PETERS

Case No. 16-cr-102-CG-B

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court notes that the parties dispute whether Peters exhausted his administrative remedies prior to filing his motion for compassionate release. Nevertheless, for the reasons set forth below, even assuming Peters did exhaust and his motion is properly before this Court, it is still due to be denied.

According to Peters, he is entitled to compassionate release due to the Covid-19 pandemic and his chronic medical conditions of hypertension and "heart problems including mitral valve insufficiency, tricuspid regurgitation (leakage of blood backwards through the tricuspid valve of the heart), and a borderline ejection fraction (a reduction of the amount of blood pumped by the heart)". Peters has not provided this Court with any documentation of his alleged medical conditions or otherwise met *his* burden of establishing extraordinary and compelling circumstances exist warranting his early release. However, the government's

response to Peter's motion provided the Court with Peter's medical records which confirm that Peters has hypertension and a heart condition.  As such, while Peters has not met his burden, the medical records at least suggest that Peter's conditions *may* make him eligible for compassioinate release, in light of Covid-19.  However, the medical records also indicate that, at the time his motion was filed, Peters had received the first dose of the Covid-19 vaccination (and has likely now received both doses) which mitigates Peter's risks associated with contracting and/or suffering severely from Covid-19, should he contract the virus. Further, according to the Bureau of Prisons, there are only two active cases at FCI Yazoo City Low where Peters is incarcerated.  *See* https://www.bop.gov/coronavirus/index.jsp (last visited November 22, 2021). As a result, the Court finds that Peters has not established extraordinary and compelling circustances which qualify him for compassionate release. Lastly, to the extent that Peter's contends his medical conditions qualify him for early release on their own and without a consideration of the Covid-19 pandemic, the Court is not persuaded as Peters has not shown that his conditions are severe, uncontrolled, or make him unable to provide self care within confinement.

      Regardless of whether Peters has established his eligibility for compassionate release, a consideration of the relevant § 3553(a) factors do not support a reduction in Peters's sentence. The record reflects that Peters was responsible for the distribution a significant amount of methamphetamine over a period of time.  At the time of Peter's sentencing, his crime warranted a 108 month sentence.  The same sentence remains appropriate today.  Accordingly, the Court finds that releasing Peters when he has served roughly half of his sentence would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.
Dated:

November 22, 2021                         /s/ Callie V. S. Granade
                                          SENIOR UNITED STATES DISTRICT JUDGE